## PIERCE et al. *v.* PIERCE et al.

Courts of Probate as they existed before the reorganization of the judiciary under the constitution of 1845, had jurisdiction of actions for the partition of the property of successions, and power to determine questions of title to real estate arising in such actions, either directly or indirectly. C. P. 1022. C. C. 1250, 1304. Stat. 27 March, 1843, s. 3.,

APPEAL from the Court of Probates of Washington, *Richardson*, J. *A. Hennen*, for the appellants. No counsel appeared for the defendants. The judgment of the court was pronounced by

KING, J. The plaintiffs instituted this action in the Probate Court praying for a partition of their ancestor's succession, and that their co-heirs should be decreed to collate certain property which they had received. The defendants excepted to the jurisdiction of the court, alleging that the suit was not for a partition, but an action in revendication. The exception was sustained in the court below, and from the judgment dismissing the action, the plaintiffs have appealed.

The judge, in our opinion, erred. The Court of Probates, as it lately existed, had jurisdiction of partitions of succession property, and whenever, in suits for partition, the title to real estate was brought in question, either directly or collaterally, authority was conferred on these courts by statute, to decide upon such questions of title. Code of Practice, art. 1022. Civil Code, arts. 1250, 1304. Acts of 27th March, 1843, p. 45, § 3.

It is therefore decreed that the judgment of the court below be reversed, and that the cause be remanded to be proceeded with according to law.